150 September 18, 2024 No. 663

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. H. M. II,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

S. M.
and S. H. M. II,
*Respondents,*

*v.*

C. R.,
*Appellant.*

Klamath County Circuit Court
21JU02888; A183172 (Control), A183463

Kelly N. Kritzer, Judge.

Argued and submitted August 21, 2024.

Sean K. Connor, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

George W. Kelly filed the brief for respondent child.

G. Aron Perez-Selsky filed the brief for respondent mother.

Before Lagesen, Chief Judge, Mooney, Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In this consolidated appeal, father appeals a permanency judgment that changed the permanency plan for his daughter, S, from reunification to guardianship, and a subsequent order and judgment establishing a guardianship under ORS 419B.366. With respect to the permanency judgment, he assigns error to (1) the juvenile court's denial of the motion to dismiss dependency jurisdiction that he filed three days before the permanency hearing; (2) the juvenile court's determination that the Department of Human Services (DHS) made reasonable efforts to reunify the family; (3) the juvenile court's determination that father had not made sufficient progress to allow S to return to him; (4) the juvenile court's decision to change the permanency plan from reunification to guardianship. With respect to the guardianship judgment, he assigns error to the juvenile court's determination that S could not safely return to father's care within a reasonable amount of time, and the court's ensuing decision to establish a guardianship. We affirm.

*Motion to Dismiss.* The jurisdictional bases for dependency jurisdiction over S with respect to father were twofold: (1) that father "has a substance abuse problem which is not ameliorated and hinders his ability to adequately and appropriately parent and protect the child;" and (2) that father "is unable and/or unwilling to be a custodial resource for the child." Shortly before the permanency hearing, father moved to dismiss dependency jurisdiction, contending that the jurisdictional bases were no longer present. The juvenile court denied the motion. Father appeals, contending that the record does not support the inference that the jurisdictional bases for dependency jurisdiction persist.

The juvenile court did not err. We need not address whether jurisdiction was warranted on the ground that father was unable or unwilling to be a custodial resource because, at a minimum, the record permits the inference that, more likely than not, father's substance abuse problem was not ameliorated. Accepting as true father's representation that he had not used drugs for approximately a year-and-a-half, on the facts before it, the juvenile court

nonetheless permissibly found that father's substance abuse problem had not been ameliorated. For most of that year-and-a-half period, father had been incarcerated; he had been released only 54 days before the permanency hearing. Before his incarceration, father had a serious methamphetamine problem, and admitted that, in the past, he had relapsed after treatment when he would "meet those people that you've actively used with in the past." While incarcerated, he completed the drug treatment program offered by the prison, but that program was one that contemplated additional outpatient treatment upon release from prison, which father had not engaged in as of the time of the permanency hearing. Although those facts allow for the conclusion that father has made some progress toward ameliorating his substance abuse problem, they also support the inference that father's recovery from his substance abuse problem remains a work in progress and, consequently, remains a risk to S. That is because the facts allow for the inference that his sobriety outside the context of incarceration is new, he requires further treatment, and is at risk of relapse absent further treatment. Accordingly, the juvenile court did not err in denying father's motion to dismiss.

*Change of Plan.* In his second, third, and fourth assignments of error, father contends that the record is legally insufficient to support the juvenile court's determinations that (1) DHS made reasonable efforts to reunify the family and (2) father had not made sufficient progress in ameliorating the jurisdictional bases to permit S to return safely to his care, and that the juvenile court therefore erred in changing the plan away from reunification. Father's contentions are not preserved, and we reject them for that reason. *See State v. R. W. G.*, 288 Or App 238, 240-42, 404 P3d 1131 (2017) (explaining what a party must do to preserve for appeal a contention that the evidence is legally insufficient to support a particular determination).

*Guardianship Judgment.* In his fifth and sixth assignments of error, father seeks reversal of the guardianship judgment, contending that the evidence is insufficient to support the juvenile court's determination that S could not be safely returned to father's care within a reasonable

time. ORS 419B.366(6). A "reasonable time" means "a period of time that is reasonable given a child or ward's emotional and developmental needs and ability to form and maintain lasting attachments." ORS 419A.004(26). In this case, the evidence regarding the history of the case and S's needs supports the determination that a "reasonable time" for S was immediate. Because S could not safely be returned to father's care immediately, the juvenile court properly found that S could not be safely returned to father's care within a reasonable time for her. We note, as the state points out, that S's guardianship is a durable one, which means that father may move to vacate it if he continues with the progress that he has already made toward becoming a safe parent for S.

Affirmed.